IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DAWNA BLALOCK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-797-O-BP |
| § | |
| **COMMISSIONER OF** § | |
| **SOCIAL SECURITY,** § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Consent Motion for Attorney's Fees under the Equal Access to Justice Act filed April 9, 2024. ECF No. 18. By Order dated April 10, 2024, United States District Judge Reed O'Connor referred the Motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1). ECF No. 19. After reviewing the Motion and applicable legal authorities, noting that Defendant does not oppose the Motion, and for good cause shown, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion.

The Court finds that Plaintiff, Dawna Blalock, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate combined hourly rate at which to award fees in this case is $245.92 per hour for services performed by the attorneys who represented her in this case. The Court further finds that Plaintiff is entitled to recover compensation for attorney services incurred of 15.87 hours, for an attorney fee award of $3,899.72.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Dawna Blalock, and mail to her attorney, Jonathan Heeps, Law Office of Jonathan A.

Heeps, P.O. Box 173472, Arlington, TX 76003, attorney fees under the Equal Access to Justice Act, in the total amount of $3,899.72 for 15.87 hours of service at a rate of $245.92 per hour.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 11, 2024.

                                               Hal R. Ray, Jr.
                                               UNITED STATES MAGISTRATE JUDGE